## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                              |   |                          |
|------------------------------|---|--------------------------|
|                              | * |                          |
| **JOHN FRANCIS WASHINGTON,** | * |                          |
|                              | * |                          |
| Petitioner,                  | * |                          |
|                              | * | Criminal No. RWT-11-0380 |
| v.                           | * | Civil No. RWT-13-1893    |
|                              | * |                          |
| **UNITED STATES OF AMERICA,**| * |                          |
|                              | * |                          |
| Respondent.                  | * |                          |
|                              | * |                          |

### MEMORANDUM OPINION AND ORDER

Petitioner John Francis Washington pled guilty to two counts of unlawful possession of firearms in violation of 18 U.S.C. § 922(g)(1) and was sentenced to ninety-six months of imprisonment.  ECF No. 34.  Now pending before the Court is Petitioner's twice supplemented *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in which Petitioner brings numerous claims in an attempt to demonstrate that he was denied his Sixth Amendment right to effective assistance of counsel.  ECF Nos. 50, 54, 58.

### BACKGROUND

On September 14, 2010, a law enforcement officer observed Petitioner, a convicted felon under Maryland law who had not had his civil rights restored,[1] selling a Taurus .38 caliber revolver to another individual in the parking lot of a Target Store located in Waldorf, Maryland.  ECF No. 26-1.  On April 15, 2011, law enforcement officers executed a search warrant at 1103 Trunnel Lane, Accokeek, Maryland, the residence of Petitioner's girlfriend, where

---

[1] Federal law prohibits certain persons from purchasing or possessing firearms, such as felons, certain domestic abusers, and certain people with a history of mental illness.  In accordance with 18 U.S.C. § 921(a)(20), a conviction does not disqualify an individual from possessing firearms if the person convicted "has had civil rights restored."  Maryland has no general restoration of rights statute but specific statutory sections addressing various civil rights.  *United States v. Hassan El*, 5 F.3d 726, 734 (4th Cir. 1993).  Under Maryland law, gubernatorial pardon of the felony conviction—necessary to restore jury service and firearm possession rights—would be required for a person to fall within the civil rights exemption of § 921(a)(20).  *See id.*

Petitioner frequently slept in the basement bedroom. *Id.* They located a Ruger Model P89 nine millimeter firearm and ten rounds of ammunition hidden in the ceiling of the basement bedroom, along with small plastic bags of cocaine base and $952. *Id.*

On July 13, 2011, a federal grand jury returned a two-count indictment against Petitioner for possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), arising from both the September 2010 firearm transaction and the April 2011 search warrant. ECF No. 1. Petitioner pled guilty to both charges pursuant to a plea agreement with the Government, and this Court issued a judgment of conviction on June 25, 2012 sentencing Petitioner to a ninety-six month prison term, followed by three years of supervised release. ECF Nos. 26, 34.

Petitioner appealed his conviction and sentence to the Fourth Circuit on September 23, 2012, which it dismissed as untimely. ECF No. 47. Petitioner then filed this timely *pro se* motion seeking to set aside, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255 on June 27, 2013, ECF No. 50, which he twice moved to supplement on August 8, 2013 and August 18, 2014.[2] ECF Nos. 54, 58. The Government responded in opposition on September 3, 2013. ECF No. 55. Construing Petitioner's § 2255 motion and subsequent supplements liberally, he appears to argue that his counsel was ineffective across the pre-trial and sentencing phases.[3] None of Petitioner's claims is sufficient to entitle him to relief.

---

[2] Petitioner filed a Motion for Leave to File an Oversized Memorandum of Law, with an attached fifty-six page memorandum on August 8, 2013, ECF No. 54, and a Motion to Amend under Federal Rule of Civil Procedure 15(c)(2) on August 18, 2014. ECF No. 58. This Court shall construe both as supplements to Petitioner's § 2255 petition to be addressed herein.

[3] Petitioner raises the same claims under various frameworks, e.g. prosecutorial error and violation of due process. All of Petitioner's claims, aside from ineffectiveness of counsel, are procedurally barred because (1) he did not raise them on direct appeal and (2) he failed to establish cause, prejudice, or actual innocence in order to prevail over his procedural default. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (collateral attack is not a substitute for appeal); *United States v. Mikalajunas*, 186 F.3d 490, 492–93, 495–96 (4th Cir. 1999).

**DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

In evaluating the claims of ineffective assistance of counsel, courts apply the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's presentation fell "below an objective standard of reasonableness." *Id.* at 668. Second, Petitioner must show there is a reasonable probability that, absent counsel's errors, the outcome of the case would have been different. *Id.* at 669. When evaluating counsel's performance, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Here, Petitioner fails to satisfy either prong of *Strickland*.

**I.    Petitioner does not demonstrate that his counsel's performance was outside the range of reasonable professional assistance.**

**A.   Petitioner's conclusory claims are insufficient to establish that his counsel was ineffective.**

Petitioner's claims for ineffective assistance fail to satisfy either prong of the *Strickland* test because they are overbroad and made without factual support. Petitioner asserts that his counsel was "disengage[d] from the adversarial process," as demonstrated by counsel's failure to

(1) make adequate investigation, ECF No. 54, at 44–48; (2) obtain evidence, including *Brady* material, *id.* at 16–22; (3) make timely motions to suppress evidence, *id.* at 13; (4) inform Petitioner of his rights, *id.* at 7, 15; (5) warn Petitioner of waiver of rights, *id.*; and (6) make preparation for trial, opting instead for plea preparation, ECF No. 50, at 9.

These conclusory allegations, without any factual framework, cannot entitle Petitioner to relief. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir.1992) ("[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"); *see also United States v. Hustead*, Crim. No. WMN-09-622, Civ. No. WMN-12-3618, 2013 U.S. Dist. WL 3984613, at *2 (D. Md. July 31, 2013) ("This type of vague, speculative, or conclusory allegations . . . clearly does not suffice to present a claim under § 2255."); *Gorham-Bey v. United States*, Civil No. RWT-11-3238, 2013 WL 715148, at *4 (D. Md. Feb. 25, 2013) ("The conclusory nature of [petitioner's] argument alone is sufficient for the Court to find that it fails to show that her counsel rendered ineffective assistance.").

Petitioner offers no factual detail to support his claim that his counsel was so deficient as to be objectively unreasonable—instead making broad allegations that counsel failed to adequately investigate, obtain evidence from the prosecution, and enter information on the record without specifying what information should have been discovered or entered.  ECF No. 54.  Similarly, Petitioner's claim that his counsel failed to make timely motions to suppress evidence does not mention what evidence should have been suppressed.  *Id.* at 13.  On the contrary, the record shows that his counsel advocated for the suppression of Petitioner's statements during the execution of the search warrant in April 2011, and moved for leave to file a motion to suppress pending investigation.  ECF Nos. 17, 20.  Petitioner also suggests that his counsel made the decision to plea without his consent and without adequately advising him of the implications—

4

yet he again provides no factual detail regarding any advice received, deficient or otherwise. ECF No. 50, at 9. Accordingly, Petitioner's unsupported claims do not establish that he was denied effective assistance of counsel.

### B. Petitioner's claims that counsel was ineffective because he failed to correct sentencing errors lack merit.

Counsel's representation cannot be constitutionally deficient for failing to assert legally meritless claims. *See Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make a meritless motion). Petitioner's arguments challenging his sentencing calculations are incorrect and his counsel cannot be ineffective for failing to raise them.

First, Petitioner incorrectly asserts that he is entitled to relief under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). ECF No. 54, at 24–28, 32–44. *Alleyne* held that "facts that increase *mandatory minimum sentences* must be submitted to the jury." *Id.* at 2163 (emphasis added). Facts that affect only sentencing guideline calculations do not need to be submitted to a jury. *See id.* ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."). Here, *Alleyne* is inapplicable as Petitioner did not face a statutory minimum term of imprisonment. Factual determinations affecting Petitioner's offense level and criminal history category were properly left to the Court under *United States v. Booker*, 543 U.S. 220 (2005). Petitioner's sentence was not contrary to *Alleyne*.

Second, Petitioner challenges the classification of two prior Maryland convictions in 2000 and 2001 as predicates for his criminal history computation: possession with intent to distribute marijuana ("possession") and conspiracy to distribute marijuana ("conspiracy")—both prohibited under Md. Code, Art. 27 § 287 (2001) (revised at Md. Code Ann., Crim. Law § 5-602

(2009)).[4]   ECF No. 54, at 28–30.   These arguments are also invalid.   Petitioner claims that on February 23, 2006, the Circuit Court for Charles County vacated his possession conviction.   *See id.* at 28–29.   However, records reflect that the court suspended the balance of Petitioner's sentence without vacating the conviction.   ECF No. 55-1.   Petitioner also asserts that his conspiracy conviction should not count toward his criminal history because it was based on an *Alford* plea.[5]   ECF No. 54, at 29–30.   The Fourth Circuit settled this issue in *United States v. King*, holding that a sentence based on an *Alford* plea counts towards a defendant's criminal history under the Sentencing Guidelines.   673 F.3d 274, 282–83 (4th Cir. 2012).   Both the possession and conspiracy charges count toward Petitioner's criminal history.

Third, Petitioner challenges the classification of his prior convictions as felony controlled substance offenses, asserting that neither charge was necessarily punishable by imprisonment for a term exceeding one year as required to sustain a base offense level of 24.[6]   This argument too lacks merit.   Under the Sentencing Guidelines, a "controlled substance offense" must be punishable under federal or state law by imprisonment for a term exceeding one year."   U.S. Sentencing Commission, *Guidelines Manual*, § 4B1.2(b) (Nov. 2011).   Here, Petitioner's possession and conspiracy convictions are punishable by up to five years of imprisonment under Maryland Law, and thus fall within U.S.S.G § 4B1.2(b).   *See* Md. Code, Art. 27 § 287 (2001) (revised at Md. Code Ann., Crim. Law § 5-602 (2009)) (prohibiting distribution and possession

---

[4]  The language of certain relevant Maryland criminal code provisions has been revised since Petitioner's state convictions in 2000 and 2001, but without any substantive or retroactive changes.  *See* Md. Code Ann., Crim. Law § Refs & Annos.

[5]  An *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest."  *United States v. Taylor*, 659 F. 3d 339, 347 (4th Cir. 2011) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).  The distinguishing feature of an *Alford* plea is that the defendant does not confirm the factual basis underlying his plea.  *United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2011).

[6]  Petitioner uses the same argument to assert that he should not have been considered a felon under § 922(g). Petitioner was convicted of possession with intent to distribute marijuana, a felony under Maryland law, subject to imprisonment not exceeding five years.  Md. Code, Art. 27 § 286 (current version at Md. Code Ann., Crim. Law § 5-607 (2006).  Accordingly, Petitioner's conviction was "a crime punishable by imprisonment for a term exceeding one year," and conviction under § 922(g) was warranted.

with intent to distribute controlled substances); Md. Code, Art. 27 § 286 (revised at Md. Code
Ann., Crim. Law § 5-607 (2006)) (establishing that a person violating § 287 is subject to
imprisonment not exceeding five years); Md. Code, Art. 27 § 38 (revised at Md. Code Ann.,
Crim. Law § 1-102 (2002)) (stating that the punishment of a person convicted of conspiracy may
not exceed the maximum punishment for the crime the person conspired to commit).

Petitioner cites numerous cases for support, none of which provides grounds for relief.
ECF No. 58. In *United States v. Simmons*, the Fourth Circuit held that an offense is not
punishable by a term exceeding one year of imprisonment if the defendant could not have
actually received more than one year of imprisonment for that offense based on the defendant's
criminal history and the relevant statutory scheme. 649 F.3d 237, 243 (4th Cir. 2011). Here, for
both convictions, Petitioner could have been, and was in fact, sentenced to more than a year of
imprisonment under Maryland law. ECF No. 55-1, 55-2. At issue in *Moncrieffe v. Holder*, was
whether a Georgia marijuana distribution conviction qualified as an "aggravated felony" under
the Immigration and Nationality Act ("INA"), which is interpreted by terms under the Controlled
Substance Act ("CSA"). 133 S. Ct. 1678, 1680 (2012). Here, the Court calculated Petitioner's
offense level by determining whether his prior offenses met the requirements of a "controlled
substance offense" under the Sentencing Guidelines, and any discussion regarding the INA or
CSA is irrelevant. In *Descamps v. United States,* the Supreme Court held that courts may not
apply the modified categorical approach[7] to sentencing under the Armed Career Criminal Act
("ACCA") when the crime of which the defendant was convicted has a single, indivisible set of
elements. 133 S. Ct. 2276, 2286 (2013). Here, *Descamps* is irrelevant because the Court neither

---

[7] The modified categorical approach allows courts to look to a limited range of documents, such as indictments or
plea agreements, to assess the nature of a defendant's prior conviction when the conviction was under a divisible
statute—one in which alternative elements could constitute an offense—and it is unclear which element played a
part in the defendant's conviction. *Descamps*, 133 S. Ct. at 2283; *see also United States vs. Royal*, 731 F. 3d 333,
340 (4th Cir. 2013).

sentenced Petitioner under the ACCA nor used the modified categorical approach in its calculation.   Accordingly, Petitioner's counsel cannot have been ineffective for not raising meritless claims.[8]

## II.    Even if counsel had been ineffective, Petitioner is still not entitled to relief because he fails to make an adequate showing of prejudice.

Petitioner fails to show prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  More so, when a conviction is based on a guilty plea, the second prong of the *Strickland* test requires a petitioner to show that not only would the outcome of the case have been different but that there is "a reasonable probability that, but for counsel's errors, he *would not have pleaded guilty* and would have insisted on going to trial."   *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (emphasis added) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner has not offered any evidence or argument, beyond his own conclusory statements, that suggest he would have not pled guilty but for counsel's errors.   *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (stating "conclusory allegations are insufficient to establish the requisite prejudice under *Strickland*").   In fact, there are instances when Petitioner suggests that he would have pled guilty regardless of his counsel's performance, but that he would have had a stronger plea bargaining position but for his counsel's alleged inefficiencies.  ECF No. 54, at 46.

Further, Petitioner does not present any evidence, let alone clear and convincing evidence, that would allow this Court to disregard the statements he made under oath at his plea hearing.  A defendant's representations at a plea hearing carry a strong presumption of verity and

---

[8] Petitioner also argues that his counsel was ineffective for failing to ensure his presence at the Grand Jury proceedings and to challenge the constitutionality of his indictment. *See* ECF No. 54, at 8–13, 34–44.  These claims are easily dismissed, as Petitioner is not entitled to be present at the Grand Jury proceedings under Federal Rule of Criminal Procedure 6 and the indictment is sufficient under Rule 7.

a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made under oath during a plea colloquy.  *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (finding that because the petitioner did not present evidence to suggest that his representations during the plea hearing were untruthful or involuntary, he was bound by the sworn statements).

During the plea hearing, Petitioner answered in the affirmative when asked if he was satisfied by his counsel's representation and advice.  ECF No. 41, at 5–6.  Petitioner further verified that he had discussed the charges in the indictment with his attorney and that he had reviewed, signed, and understood the plea agreement.  *Id.*  Petitioner made the same representations when he signed the plea agreement on March 21, 2012.  ECF 26, at 8.  No assertion in Petitioner's § 2255 motion reaches the high, clear, and convincing standard necessary to cast doubt on his stated satisfaction with counsel that he made during his plea hearing.  Counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, § 2255 motion.

## CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability.  *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007).  A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273.  "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable." *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009).  This Court has assessed the claims in Petitioner's motion to vacate his sentence on the merits and found them deficient.  No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that all Petitioner's claims are either procedurally barred, or have failed to satisfy the *Strickland* two-prong test establishing that his counsel's performance was deficient or that but for counsel's alleged errors, there is a reasonable probability that the outcome would have been different.  Petitioner's motion will be denied and no certificate of appealability shall issue.  Accordingly, it is, this 1st day of July, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF Nos. 50, 54, 58) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-13-1893.

_____
                /s/
        ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
